UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                  Case No. 18-22945-AJC
                                                                        Chapter 7
Pedro E Alvarez,

    Debtor,
_____/

**TRUSTEE'S EXPEDITED MOTION TO:
1) APPROVE SALE CONTRACT OF REAL PROPERTY;
2) FOR ORDER APPROVING SALE OF RIGHT, TITLE AND INTEREST IN REAL PROPERTY FREE AND CLEAR OF LIENS, INTERESTS AND ENCUMBRANCES (OTHER THAN MORTGAGE(S) AND REAL ESTATE TAXES); 3) DIRECT DEBTOR TO COOPERATE; AND,
4) AUTHORIZE TRUSTEE TO EXECUTE ALL NECESSARY AND REASONABLE DOCUMENTS AND PAY STANDARD CLOSING COSTS ASSOCIATED THEREWITH**

    Comes Now, DREW M. DILLWORTH as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Pedro E. Alvarez (the "Debtor"), and pursuant to 11 U.S.C. §§ 105 and 363(f), Fed.R.Bankr.P. 2002, 6004, and 9019 and Local Rules 6004-1, 9019-1, and 9075-1, hereby files and serves this the *Trustee's Expedited Motion To: 1) Approve Sale Contract Of Real Property; 2) For Order Approving Sale Of Right, Title And Interest In Real Property Free And Clear Of Liens, Interests And Encumbrances; 3) Direct Debtor To Cooperate; And, 4) Authorize Trustee To Execute All Necessary And Reasonable Documents And Pay Standard Closing Costs Associated Therewith*, and states the following in support thereof:

    1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court's, for the Southern District of Florida, Order of Reference (the "Standing Order").

    2. This is a core matter pursuant to U.S.C. § 157(b)(2)(A), and (N).

    3. Venue in this district is proper, pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Debtor, Pedro E. Alvarez ("Debtor"), filed a voluntary petition ("Petition") under Chapter 7 of Title 11 of the United States Code on the 18th day of October, 2018 ("Petition Date") under bankruptcy case number 18-11056-LMI (the "Current Bankruptcy Case").

5. Drew M. Dillworth ("Trustee") is the duly-appointed and permanent Chapter 7 Trustee in the Bankruptcy Case.

6. Debtor identified his co-ownership interest in certain real estate located at 711 East 7th Avenue, Hialeah, FL 33010-4533 ("Subject Property"), and has not claimed same as exempt.

7. Said Subject Property is property of the Estate by virtue of Debtor's pre-petition co-ownership interest in said Subject property.

8. Since the Petition date the Trustee has sought to sell the Debtor's ½ interest in the Subject Property.

9. In the interim, the secured creditor, JP Morgan Chase Bank, National Association ("Chase Bank") filed a motion for stay relief [ECF No.39]; and, has received *en rem* stay relief to exercise their rights *viz-a-viz* the Subject Property and foreclose on same [*see* ECF No. 46] (the "Stay Relief Order").

10. The Stay Relief Order also provided the Trustee with the ability to seek to stay the foreclosure process if he obtained "a contract for the sale of the property which would pay off the lien interest of" Chase Bank [see ECF No. 46 at para. 5].

11. During the time the Trustee sought to identify and locate a potential buyer for the Trustee's/Debtor's ½ interest, unbeknownst to the Trustee the Debtor and co-owner, Reina Ramos, had negotiated a sale of the Subject Property to Isis Oliva and Yusmen Lemes Gonzalez ("Buyers"). A true and correct copy of the proposed Sale Contract is attached hereto as Exhibit "A".

12. The proposed sale set forth in the Sale Contract provides for a gross sale price of $259,800.00 ("Sale Price") with a financing contingency, and an additional credit form the Sellers (Debtor and co-Owner) of up to $5,000.00 towards Buyers' closing costs.

13. The Closing Date was to be on or before June 18th, 2020; but, Buyers have agreed to extend such closing date to obtain approval from the Bankruptcy Court of the sale, subject to the Contract and further terms herein.

14. Chase Bank's mortgage payoff was $138,242.17 as of June 27th, 2020 and increases $16.17 per day, with a late fee to be incurred in the sun of $39.32 after July 15th, 2020.

15. Therefore, substantial equity exists in the Subject Property for the benefit of the Estate's ½ interest therein.

16. Furthermore, there exists purported judgment liens in favor of others which are subject of bona fide dispute by the Trustee, all of which may assert attachment to the Debtor's 1/2 interests as set forth herein-below (and are also served with copies of this Motion and attachments, as well as to be served with the Notice of Hearing on this Motion):

| Creditor Name | Amount (Gross) | Date | Disputed? |
|---|---|---|---|
| Ford Motor Credit Co.<br>American Road Recovery<br>P.O. Box 6508<br>Mesa, AZ 85216 | $3,807.41 + 6% interest per annum<br><br>(Case No. 11606SP24)) | 7/18/2011 | Yes |
| Midland Funding, LLC<br>8875 Aero Dr.<br>Suite 200<br>San Diego, CA 92123 | $1,449.99 + Fla. Statutory Interest (per Fla. Stat. Sect. 55.03)<br><br>(Case No. 12-02270SP23/01) | 6/19/2012 | Yes |
| Asset Acceptance LLC<br>P.O. Box 2036 Warren, MI 48090 | $3,584.03 + 11% interest per annum<br><br>(Case No. 08-10265-SP-25) | 10/8/2008 | Yes |
| Financial Independence Services, Co.<br>575 NW 103 St.<br>Miami, FL 33150 | $5,200.25 + 7% interest per annum<br><br>(Case No.05-005857 SP 05) | 6/24/2005 | Yes |
| F.A. Management Solutions, Inc.<br>1 SE 4th Ave.<br>Suite 212 | $2,388.28 + 7% interest per annum | 02/25/2004 | Yes |

3

| | | | |
|---|---|---|---|
| Delray Beach, FL 33483 | (Case No.04-397-SP-23-02) | | |
| Asset Acceptance LLC<br>c/o Rodolfo J. Miro, Esq.<br>P.O. Box 9065<br>Brandon, FL 33509 | $5,822.73 + 9% interest per annum<br><br>(Case No. 05-14335-SP-25) | | Yes |
| | | | |

17. As many of the purported judgments set forth above are not valid perfected liens against the Debtor's/Trustee's interest in the Subject Property, the Trustee, upon approval of this Motion, will thereafter file a motion or adversary proceeding to challenge the purported lien interests of these various above-described creditors in the proceeds of the sale belonging to the Debtor/Trustee.

18. The Trustee proposes and requests that the Court grant that:

   a. The Trustee be substituted a party-in-interest on behalf of the Debtor under the Sale Contract;

   b. The payment at closing, after payment of standard closing costs contemplated under the Sale Contract and satisfaction of the Mortgage and any real estate taxes (prorated through the sale closing date), that the Trustee then receive the ½ net proceeds with any liens attaching to the proceeds of the Trustee arising out of the claimed judgments set forth above and the Trustee then either resolving by agreement such purported disputed judgment liens or challenging same by motion practice and/or adversary proceeding in the Bankruptcy Case;

   c. Any commissions to be paid shall be paid from the co-owner's interest and shall not be a charge to the Estate/Trustee;

   d. To insure this Court's jurisdiction over the parties for dispute resolution, modify paragraph 13, 15 and 16 to reflect that he Bankruptcy Court will retain sole and exclusive jurisdiction over any and all parties and disputes arising out of or relating to the Sale Contract, the orders emanating from same and the closing on

4

same, to the extent the Debtor's and/or the Estate's interests are involved.

19. The Sale Contract falls above the lowest point in the range of reasonableness for approval of same.

20. Based upon the proposed sale under the Sale Contract, the Trustee would also request that, at a successful closing: payment be made of all standard closing costs as anticipated under the Sale Contract and as otherwise paid at closing in Miami Dade County; directing Debtor to cooperate and execute all documents requested by the Trustee and/or the closing agent to successfully close the sale of the Subject Property under the Sale Contract; to the extent Debtor does not cooperate, then direct and authorize the Trustee to execute any and all documents/instruments in Debtor's name and place and bind Debtor to same; payoff the mortgage with Chase Bank; pay the prorated real estate taxes at closing; pay the real estate sale commissions (totaling no more than 6% jointly with the co-owner); remit the balance of ½ of the net sale proceeds to the Trustee in exchange for the Trustee executing and delivering a Trustee Deed to the Buyer on behalf of the Bankruptcy Estate and the Debtor; direct Debtor to execute a Deed to the Buyer at closing; direct the balance of any further liens solely in the name of the Debtor and asserted only against the Debtor (*i.e.* as set forth above regarding the judgments) *viz-a-viz* the Subject Property not be satisfied of record, but rather the purported liens against the Debtor's ½ interest attach as they may to the sale proceeds and the Subject Property shall be released of any such liens, with the Trustee retaining the proceeds subject to the purported liens and then having the Trustee file a motion or an adversary proceeding to determine right, title and interest in same, unless otherwise resolved between the Trustee and the purported lien holder.

21. Further, the Trustee requests that the Court approve the sale to the Buyers free and clear of all liens, interests and encumbrances (as to the Debtor's/Estate's ½ interest), other than continuing Miami Dade County and local governmental agency codes, real property taxing authorities, zoning restrictions and other limits by law or ordinance, easements and licenses of record, with such other liens, interests and encumbrances, other than Miami Dade County and local governmental agency codes real property taxing authorities, zoning restrictions and other limits by law or ordinance, easements and licenses of record, attaching to the sale proceeds and direct the closing

agent to deposit the Debtor's/Trustee's interest in the sale proceeds into the Trustee's account at the closing.

22. The Trustee believes in his sound business judgment that same (Contract and sale) is well-within the parameters for approval purposes as it falls above the lowest point for approval, and benefits the entire bankruptcy estate, will generate proceeds for payment to the various creditors and avoid substantial further litigation with Sunstate and IHR over a material piece of property which the Trustee has asserted to be an owner of or entitled to recover by virtue of applicable law.

23. Given the recognition of the property interest to be property of the Estate and that the benefit to the Estate is substantial, the Subject Contract should be approved, along with the sale of the Subject Property to the Buyers under the terms and conditions of the Subject Contract and any order approving same; and, given the payoff of the Chase Bank mortgage by the Subject Contract's successful closing, cause exists to stay the foreclosure proceeding and allow the Sale Contract to come to conclusion.

24. The Trustee further requests that the Court authorize closing under the Subject Contract (as modified herein) and determine the Buyers to be good faith purchasers for value with all defenses, as well as waive the standard Rule 6004(h) fourteen (14) day waiting period for the effectiveness of the order approving and granting this Motion as time is of the essence in the Sale Contract, the current deadline to close has passed, and the Buyers have agreed to a short extension of same, as they are obtaining VA financing..

WHEREFORE, the Trustee requests entry of an order granting this Motion, and for such other and further relief this Court deems equitable and just.

Dated: June 26th, 2020.

>JAMES B. MILLER, PA
>19 West Flagler Street, Suite 416
>Miami, FL 33130
>Tel. No. (305) 374-0200
>Fax. No. (305) 374-0250
>email: jbm@title11law.com
>              /s/
>_____
>JAMES B. MILLER, ESQ.
>Fla. Bar No. 0009164

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY That a true and correct copy of this pleading was served June 26th, 2020: *via* CM/ECF Service upon those listed below; *via* email, in pdf format, upon Adam Zipper, Esq. at azipper@strocklaw.com; and, *via* U.S. mail upon those named on the attached U.S. Mailing list.

ECF Service List:

Drew M Dillworth
ddillworth@swmwas.com, ddillworth@ecf.axosfs.com;marocha@stearnsweaver.com

Marc Granger on behalf of Creditor JPMorgan Chase Bank, National Association
mgranger@kahaneandassociates.com,
bkecf@kahaneandassociates.com;tforeman@kahaneandassociates.com;8163622420@filings.docketbird.com;5456272420@filings.docketbird.com

James B Miller on behalf of Trustee Drew M Dillworth
bkcmiami@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robert Sanchez, Esq on behalf of Debtor Pedro E Alvarez
court@bankruptcyclinic.com, r51375@notify.bestcase.com

I HEREBY CERTIFY that I am admitted to the Bar for the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: June 26th, 2020.

        JAMES B. MILLER, PA
        19 West Flagler Street, Suite 416
        Miami, FL 33130
        Tel. No. (305) 374-0200
        Fax. No. (305) 374-0250
        email: jbm@title11law.com
        _____/s/_____
        JAMES B. MILLER, ESQ.
        Fla. Bar No. 0009164